**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1566
_____

ZERE KUSHI,
Appellant

v.

DEBRA ROMBERGER,
Director of Vital Records and in her individual capacity
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-12-cv-00799)
District Judge: Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2013
_____

Before: CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: October 16, 2013)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

Zere Kushi alleges that Debra M. Romberger, the Director of the Division of Vital

Records for the Pennsylvania Department of Health, improperly denied his application

for an amended birth certificate in violation of the Equal Protection and Due Process

1

Clauses of the Fourteenth Amendment, the First Amendment, and the Full Faith and Credit Clause, as well as the Full Faith and Credit Act, 28 U.S.C. § 1738. The District Court dismissed Kushi's claims without prejudice for lack of ripeness. We will affirm.

I.

Kushi was born Albert Ulysses Rorie. Since 1994, Kushi has legally changed his name multiple times. In 1994, the Court of Common Pleas of Philadelphia County, Pennsylvania granted Kushi's request to change his name to Shakir Abdul Awwal. In 1999, the same court granted his request to change his name to Shakir Hombre. Kushi then obtained an amended birth certificate from the Division of Vital Records for the Pennsylvania Department of Health (the "Division") reflecting the changes to his name. In 2006, the District Court of Clark County, Nevada granted Kushi's request to change his name to Abel Kushman. Most recently, in 2007, the same Nevada court granted Kushi's request to change his name to Zere Kushi.

Kushi applied to the Division for an amended birth certificate to reflect this most recent name change. Kushi included the Nevada name change orders with his application. The Division initially denied Kushi's application on two grounds. First, according to a letter written by Romberger, in 2008, Kushi presented a driver's license that was tampered with or otherwise falsified. Second, the Nevada orders were issued based upon petitions that lacked information the Division required to maintain the integrity of its records. Kushi argued that the denial of his application violated the Full Faith and Credit Clause. Kushi appealed to the Pennsylvania Secretary of Health, but after an attorney from the Division informed Kushi that the denial of his application was

2

without prejudice, Kushi withdrew his appeal and reapplied for an amended birth certificate.

In response to Kushi's second application, Romberger sent Kushi a letter requesting additional documentation. Citing the same two reasons she raised in response to his first application, Romberger requested documentation establishing that Kushi had never been convicted of a felony and that Kushi was not changing his name for a fraudulent reason. Romberger also requested proof of publication of Kushi's intent to change his name in two newspapers of general circulation to ensure that the name change would not compromise the integrity of the Division's vital statistics records.

Kushi did not submit the requested information but, instead, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking a judgment declaring that Romberger's refusal to amend his birth certificate violated his constitutional rights, an injunction prohibiting Romberger from refusing to amend the birth certificate, and attorneys' fees and costs under 42 U.S.C. § 1988. Romberger filed a motion to dismiss. The District Court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of ripeness.[1] Because the Court did not reach the merits of Kushi's claims, the dismissal was without prejudice. Kushi now appeals, arguing only that the District Court erroneously found that his Full Faith and Credit claims were not ripe.

II.

---

[1] The District Court correctly raised the issue of ripeness sua sponte. Peachlum v. City of York, Pa., 333 F.3d 429, 433 (3d Cir. 2003) ("This court has recognized that considerations of ripeness are sufficiently important that the court is required to raise the issue sua sponte even though the parties do not.").

Kushi alleged that the District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Review of a ripeness determination is plenary. Peachlum v. City of York, Pa., 333 F.3d 429, 433 n.7 (3d Cir. 2003).

## III.

Ripeness is a justiciability doctrine that seeks to "determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." Khodara Envtl., Inc. v. Blakey, 376 F.3d 187, 196 (3d Cir. 2004) (quoting Peachlum, 333 F.3d at 433). In a case about an agency's action, the purpose of the ripeness doctrine is to prevent courts "from entangling themselves in abstract disagreements over administrative policies" and to protect an agency from "judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977). To determine ripeness in such cases, courts examine: (1) "the fitness of the issues for judicial

---

[2] Generally, an order dismissing a case without prejudice is not an appealable final order unless the plaintiff has specifically elected to stand on the complaint. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). We have held, however, that this principle does not apply "where the district court has dismissed based on justiciability and it appears that the plaintiffs could do nothing to cure their complaint." Presbytery of N.J. of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1461 n.6 (3d Cir. 1994); see also Pa. Family Inst., Inc. v. Black, 489 F.3d 156, 162-63 (3d Cir. 2007). This is the case here: the District Court dismissed Kushi's claims as unripe, and Kushi could not amend his complaint to cure this defect. We therefore have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

4

decision" and (2) "the hardship to the parties of withholding court consideration."[3]

Abbott Labs., 387 U.S. at 149; see also Nextel Commc'ns of Mid-Atl., Inc. v. City of

Margate, 305 F.3d 188, 193 (3d Cir. 2002).  We next examine each factor.

A.

To determine whether an issue is fit for judicial review, we consider:

factors such as whether the agency action is final; whether the issue
presented for decision is one of law which requires no additional factual
development; and whether further administrative action is needed to clarify
the agency's position, for example, when the challenged prescription is
discretionary so that it is unclear if, when or how the agency will employ it.

Nextel, 305 F.3d at 193 (quoting Felmeister v. Office of Attorney Ethics, a Div. of the

N.J. Admin. Office of the Courts, 856 F.2d 529, 535-36 (3d Cir. 1988)).

Although the issue in this case is largely legal and does not appear to require

significant factual development, we conclude that this case is not sufficiently fit for

judicial review because the Division has not made a final determination with respect to

Kushi's second application.  See Univ. of Med. and Dentistry of N.J. v. Corrigan, 347

F.3d 57, 69 (3d Cir. 2003) (finding that a primarily legal issue that did not require

additional fact finding was not fit for judicial review because the agency action was not

---

[3] Some agency actions result in coercing a party to comply with a statute or
regulation and the ripeness of such cases is examined under a more relaxed standard.  A
more lenient standard is used because the potential agency decision may force the party
to comply with a particular statute or regulation or face a penalty.  Peachlum, 333 F.3d at
435-36 (discussing Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643 (3d Cir.
1990)).  Here, Kushi has initiated an administrative process with the agency asking it to
take an action.  The agency has not yet reached a final decision, but whatever the decision
is, it will not coerce Kushi to take an action to avoid a penalty.  Thus, the ripeness
analysis in this case is stricter and focuses on "whether the courts should intervene as a
prudential matter in a dispute that is in the process of being pursued administratively."
Peachlum, 333 F.3d at 436.

final); CEC Energy Co. v. Pub. Ser. Comm'n of V.I., 891 F.2d 1107, 1110 (3d Cir. 1989) (holding that the "finality" of an agency action depends in part on "whether the decision represents the agency's definitive position on the question."). At this point, the Division has only requested additional documentation. Instead of complying with this request, informing the Division that he viewed the request as illegitimate, or obtaining a final decision, Kushi filed suit. Allowing the Division to reach a decision will enable it to both rule on the application and provide reasons for its decision. See Nextel, 305 F.3d at 193-94.

Moreover, even if the Division denies Kushi's application, he may avail himself of the administrative appeal process.[4] On appeal, the Secretary of Health may overturn the denial, which may eliminate any need for judicial review. Corrigan, 347 F.3d at 69 (noting that "'[j]udicial intervention into the agency process denies the agency an opportunity to correct its own mistakes,'" assuming any mistakes were made (quoting FTC v. Standard Oil Co. of Cal., 449 U.S. 232, 242 (1980)). Given these various issues and potential outcomes, "further administrative action is needed to clarify the agency's position," Nextel, 305 F.3d at 193 (citation and quotation marks omitted), which will facilitate judicial review.[5]

---

[4] Kushi also has not sought review of the Division's document demand. The Secretary may reconsider Kushi's arguments and reassess the request for additional documentation for any number of reasons, including reasons unrelated to the merits of Kushi's Full Faith and Credit argument, or explain why they are needed and thereby clarify the Division's position.

[5] The existence of an appeals process is relevant to whether the Division has made its "ultimate decision." Nextel, 305 F.3d at 194.

Thus, the absence of administrative finality shows the present dispute is not yet sufficiently fit for judicial review.[6]

B.

Kushi has not shown sufficient "hardship" to support judicial consideration of his claim at this time. For a party's "'hardship to be sufficient to overcome prudential interests in deferral, that hardship must be both immediate and significant.'" Nextel, 305 F.3d at 194 (quoting Felmeister, 856 F.2d at 537). Kushi asserts that he has suffered hardship from the costs of challenging the Division's process and from his inability to obtain a passport and a federally compliant driver's license.

Neither of these circumstances presents a hardship that overcomes the lack of fitness for judicial review. First, the potential costs from participating in further litigation or administrative proceedings in this case cannot constitute a hardship sufficient to justify immediate review of an otherwise unripe claim. The Supreme Court has "not considered . . . litigation cost saving sufficient by itself to justify review in a case that would otherwise be unripe." Ohio Forestry Ass'n v. Sierra Club, 523 U.S. 726, 735 (1998). Additionally, in all but the most complex and burdensome cases where the administrative

---

[6] Kushi attempts to sidestep the finality factor by relying on Doe v. Cnty. of Centre, PA, 242 F.3d 437 (3d Cir. 2001), which involved an application to be a foster parent. In Doe, we held that the plaintiffs' claims based on racially discriminatory restrictions in the application process were ripe even though the relevant state agency had not yet denied the application. 242 F.3d at 452-53. The Doe plaintiffs' allegations of racial discrimination in the application process were separate from the outcome of their application. Thus, the ripeness inquiry did not depend on the grant or denial of their application. Here, Kushi alleges that the denial of his application would violate the Full Faith and Credit Clause and the Full Faith and Credit Act. Because Kushi's claims depend solely on the outcome of his application, whereas the claims in Doe did not, Doe is inapposite.

process itself is at issue, administrative expenses do not constitute a hardship to support ripeness. NE Hub Partners v. CNG Transmission Corp., 239 F.3d 333, 345-46 (3d Cir. 2001) (stating that costs of administrative proceedings can constitute hardship where plaintiff claimed that an "expensive and time-consuming state process" was preempted by federal law). The administrative process Kushi faces does not rise to this level. Here, Kushi is not challenging the legality of the entire administrative matrix but rather complains about what he is being asked to do as part of a straightforward application process that he has not yet completed. The burdens imposed by litigation and the administrative process are "part of the social burden of living under government." Corrigan, 347 F.3d at 70 (quoting Standard Oil Co. of Cal., 449 U.S. at 244). Thus, Kushi's litigation and administrative expenses do not constitute hardship for ripeness purposes.

Second, as to the hardship from the inability to obtain a passport or driver's license, Kushi does not allege that he has even applied for these documents or allege that these applications have been denied. Moreover, he does not point to any reason why the applications would necessarily be denied without the amended birth certificate. Such a speculative consequence is not enough to overcome our conclusion that Kushi's claims are not presently fit for judicial review. In short, the "fitness/hardship balance . . . tip[s] in support of the non-ripeness determination." Felmeister, 856 F.2d at 538.

IV.

For the forgoing reasons, we will affirm the District Court's order dismissing this case without prejudice for lack of ripeness.

8